IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HATCHMED CORP.<br>on behalf of itself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHCARE INFORMATION AND MANAGEMENT SYSTEMS SOCIETY, INC.<br><br>Defendant. | Civil Action No. \_\_\_\_20-cv-3377\_\_\_\_<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

Plaintiff Hatchmed Corp. ("HatchMed" or "Plaintiff") on behalf of itself and all similarly situated persons and entities files this Original Class Action Complaint against Healthcare Information and Management Systems Society, Inc. ("HIMSS" or "Defendant").

### NATURE OF THE ACTION

1. This case concerns HIMSS' unilateral decision to keep all of the money paid to it for a tradeshow that it cancelled.

2. HatchMed is a small business that sells medical devices, beds, and stretchers. Defendant HIMSS operates an industry-wide annual tradeshow focusing on the medical space. Accordingly, Plaintiff entered into a contract with HIMSS to be an exhibitor at the annual tradeshow. Plaintiff, like the other exhibitors, provided funds to Defendant for floorspace at the tradeshow. Citing COVID-19, Defendant cancelled the tradeshow. Incredibly, Defendant decided to use COVID-19 as a transparent opportunity for a cash grab—Defendant unilaterally kept Plaintiff's and the other exhibitors' money without basis. Therefore, the named Plaintiff brings the

current action on behalf of a class of businesses and exhibitors that have been injured by Defendant's conduct.

## PARTIES

3. Plaintiff HatchMed Corp. is a corporation duly formed and existing under the laws of the State of Washington. Plaintiff brings this action on its own behalf and behalf of all those similarly situated.

4. Defendant HIMSS is a not-for-profit corporation organized and existing under the laws of the State of Illinois. It may be served with process and citation through its registered agent, Harold Wolf III, at 33 West Monroe St., Ste. 1700, Chicago, IL 60603.

## JURISDICTION AND VENUE

5. This action is within the original jurisdiction of this Court under the Class Action Fairness Act of 2005, P.L. No. 109-2, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453(b) ("CAFA"). CAFA grants district courts original jurisdiction over putative class actions in which: (i) the putative class consists of at least 100 proposed class members; (ii) the amount in controversy exceeds $5 million in the aggregate, exclusive of interest and costs; and (iii) any member of the putative class of plaintiffs is a citizen of a State different from that of any defendant (minimal diversity). Each of the requirements for original jurisdiction under CAFA are met here: (i) HIMSS reports that there are more than 1,300 unique exhibitors at the HIMSS conference; (ii) upon information and belief, the amount in controversy exceeds $5 million; and (iii) HatchMed is a citizen of a State different from that of HIMSS.

6. Venue is proper in this district pursuant to 28 USC § 1391 because it is the judicial district in which Defendant resides. Additionally, venue in Cook County, Illinois is mandatory under the parties' agreement.

## FACTUAL BACKGROUND

7. Defendant HIMSS claims to be "a global advisor and thought leader supporting the transformation of the health ecosystem through information and technology." It purports to serve the "global health information and technology communities with focused operations across North America, Europe, the United Kingdom, the Middle East and Asia Pacific."

8. As a self-described "thought leader" in the healthcare ecosystem, Defendant puts on an annual tradeshow. The tradeshow was scheduled to take place this year on March 9 through March 13 in Orlando, Florida. According to Defendant, the event attracts more than 1,300 diverse exhibitors, in what Defendant advertises as, "an impressive, expansive show floor." Defendant boasts on its website that "[w]ith thousands of products and services, 400+ first-time exhibitors and start-up companies, 320+ education sessions on the show floor, hot-topic specialty pavilions, and multiple international pavilions—*the HIMSS20 exhibition is a can't miss experience.*" (emphasis added).

9. HatchMed is a medical supply company that provides hospital bed rentals and certain cutting-edge devices intended to make hospital care easier for patients and healthcare providers and facilities. As such, attending the tradeshow was a natural fit for HatchMed.

10. The parties executed a contract that required HIMSS to provide floor space to HatchMed at the tradeshow in consideration of HatchMed's payment. Accordingly, under the agreement executed on November 20, 2019, HatchMed paid $11,075.00 for tradeshow space to exhibit its goods and services, which HIMSS accepted.

11. Upon information and belief, as with HatchMed, the Class Members each entered into similar contracts whereby HIMSS was to provide each Class Member floorspace and tradeshow access in connection with rendering the payment due under the contract.

12. On March 5, 2020, citing reports from the World Health Organization and others, Defendant's "Strategic Communications" Director, Karen D. Groppe, announced via press release that the HIMSS tradeshow was cancelled.

13. However, unlike other industry-wide tradeshows, HIMSS decided to utilize its cancellation as an unauthorized cash grab, as it unilaterally determined to keep the money that its exhibitors paid.

14. As such, by cancelling the tradeshow, refusing to provide the exhibit space that HatchMed and the Class Members paid for, and by refusing to return the funds paid for the exhibit space, Defendant breached its contract with HatchMed and the Class Members.

15. Defendant's policy of taking exhibitors' money, cancelling the tradeshow they paid for, and refusing to return their funds was a global decision. As such, their actions constitute a breach of contract with all those exhibitors similarly situated to HatchMed.

16. Defendant has sought to avoid liability for its improper activities by seeking releases in exchange for a pittance, seeking to require distressed companies to agree to "Final Remedies."

17. Because Defendant has sought to keep funds that rightly belong to critical medical companies during this critical time, Plaintiff is forced to bring this class action lawsuit seeking recovery for itself and on behalf of those similarly situated.

## CLASS

18. Plaintiff exemplifies the Class Members who are exhibitors that provided funds to Defendant to obtain exhibit space at Defendant's annual tradeshow pursuant to an agreement, and whose funds were retained by Defendant after the tradeshow's cancellation.

19. Plaintiff, on behalf of itself and the Class Members, brings this action to ensure that exhibitors harmed by HIMSS' improper actions are compensated for the damages HIMSS caused.

## CLASS ALLEGATIONS

20. The preceding factual statements and allegations are incorporated herein by reference.

21. Plaintiff brings this action as a nationwide class action pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent a class of individuals consisting of:

> All entities that provided funds to HIMSS in payment for exhibition space at the HIMSS tradeshow which was planned to take place on March 9 – 13 in Orlando, Florida, whose funds were kept by HIMSS after the cancellation of the tradeshow (the "Class").

22. Excluded from the Class are Defendant, as well as its officers, employees, agents, board members and legal counsel, and any judge who presides over this action (or spouse or family member of presiding judge), as well as all past and present employees, officers and directors of HIMSS, and any entity that executed a valid release in favor of HIMSS for its conduct alleged herein.

23. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with Plaintiff's motion for class certifications, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

24. This action is properly brought as a class action because the Class Members are so numerous that joinder of all of them is impracticable. Class Members are widely dispersed throughout the United States. While the exact number of Class Members is unknown to Plaintiff at this time, and can only be ascertained via discovery, Plaintiff believes that there are likely over one thousand putative Class Members.

25. This action is also properly brought as a class action because certain common questions of law and/or fact exist as to all Class Members that predominate over any questions solely affecting individual Class Members including, *inter alia*: (1) whether Defendant breached the contract concerning the tradeshow by cancelling the tradeshow and refusing to issue refunds to entities that paid to participate; (2) whether Defendant complied with its legal obligations under the terms of the contract; and (3) whether Defendant has any valid legal defense for its conduct. As a result, Plaintiff and Class Members were wrongfully deprived of their funds without basis by HIMSS.

26. Plaintiff's claims are typical of the Class Members' claims since each provided funds to HIMSS under a contract that were wrongfully retained by Defendant.

27. Class Members' interest will be fairly and adequately protected by Plaintiff. Plaintiff's interests are consistent with those of the Class Members. Plaintiff and the Class Members are represented by experienced and able counsel knowledgeable about this litigation.

28. Plaintiff's interests are not antagonistic to, or in conflict with, the interest it seeks to represent. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

29. Class certification, therefore, is appropriate under Federal Rule of Civil Procedure 23 because the common questions of law or fact predominate over any questions affecting individual Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

30. The expense and burden of litigation would substantially impair the ability of the Class Members to pursue individual lawsuits in order to vindicate their rights. In the absence of a class action, Defendant will reap and retain the benefits of its wrongdoing.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

31. Plaintiff restates the foregoing allegations as if set forth fully herein.

32. A valid and enforceable contract exists between Plaintiff and the Class Members and Defendant.

33. Plaintiff and the Class Members performed under the contract by rendering payment for exhibit space and are not in breach. All conditions precedent have been met.

34. Defendant breached the contract by cancelling the trade show, but keeping funds paid for it.

35. Plaintiff and the Class Members suffered injury as a result of Defendant's breach of contract.

### SECOND CAUSE OF ACTION: UNJUST ENRICHMENT

36. Plaintiff restates the foregoing allegations as if set forth fully herein. Plaintiff makes this claim in the alternative to its claim for breach of contract.

37. Defendant retained a benefit to Plaintiff's and the Class Members' detriment.

38. Defendant's retention of the benefit violates fundamental principles of justice, equity, and good conscience.

### THIRD CAUSE OF ACTION: PROMISSORY ESTOPPEL

39. Plaintiff restates the foregoing allegations as if set forth fully herein. Plaintiff makes this claim in the alternative to its claim for breach of contract.

40. Defendant made an unambiguous promise to Plaintiff.

41. Plaintiff relied on such a promise.

42. Plaintiff's reliance was expected and foreseeable by Defendant.

43. Plaintiff relied on the promise to its detriment.

### DEMAND FOR JURY

44. Plaintiff and Class Members demand a trial by jury on all issues so triable.

### REQUEST FOR RELIEF

45. Considering these premises, Plaintiff respectfully requests that this Court, upon final disposition of this matter, enter judgment against Defendant for the following relief:

(A) Compensatory damages in an amount to be determined at trial;

(B) Pre-judgment and post-judgment interest on all sums at the maximum rate allowed by law;

(C) Plaintiff's and the Class Members' reasonable attorneys' fees and expenses incurred in the filing and prosecution of this action;

(D) All costs of court;

(E) Any and all costs and reasonable attorneys' fees incurred in any and all related appeals and collateral actions (if any); and

(F) Such other relief to which this Court deems Plaintiff and all Class Members justly entitled.

Dated: June 8, 2020

Respectfully submitted,
/s/ Nicole L. Little
Nicholas T. Peters (IL 6279677)
ntpete@fitcheven.com
Nicole L. Little (IL 6297047)
nlittle@fitcheven.com
FITCH, EVEN, TABIN & FLANNERY LLP
120 South LaSalle Street, Suite 2100
Chicago, Illinois 60603
Telephone: (312) 577-7000

Peyton J. Healey
Texas State Bar No. 24035918 (*application for admission pro hac vice forthcoming*)

Courtney E. Jackson
Texas State Bar No. 24116560 (*application for admission pro hac vice forthcoming*)
Hedrick Kring, PLLC
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
(Tel.): (214) 880-9600
(Fax): (214) 481-1844
Peyton@HedrickKring.com
Courtney@HedrickKring.com

**ATTORNEYS FOR PLAINTIFF
AND CLASS MEMBERS**