IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HATCHMED CORP., and<br>NOVARAD CORPORATION,<br>on behalf of itself and others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br><br>HEALTHCARE INFORMATION AND<br>MANAGEMENT SYSTEMS SOCIETY, INC.,<br><br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:20-cv-03377<br><br>Judge Martha M. Pacold<br><br>Magistrate Judge Jeffrey T. Gilbert |

## PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff HatchMed Corp. ("HatchMed") and Novarad Corporation ("Novarad") (collectively, "Plaintiffs") on behalf of themselves and all similarly situated persons and entities ("Class Members" or "Class") file this First Amended Class Action Complaint against Healthcare Information and Management Systems Society, Inc. ("HIMSS" or "Defendant").

### NATURE OF THE ACTION

1.　This case concerns HIMSS' unilateral decision to keep all of the money paid to it for a tradeshow that it cancelled.

2.　HatchMed is a small business that sells medical devices, beds, and stretchers. Novarad offers enterprise healthcare solutions. Defendant HIMSS operates an industry-wide annual tradeshow focusing on the medical space. Accordingly, each Plaintiff entered into a contract with HIMSS to be an exhibitor at the annual tradeshow. Plaintiffs, like the other exhibitors, provided funds to Defendant to exhibit at the tradeshow, including for floorspace and the like. Citing COVID-19, Defendant cancelled the tradeshow. Incredibly, Defendant decided to

use COVID-19 as a transparent opportunity for a cash grab—Defendant unilaterally kept Plaintiffs' and the other exhibitors' money without basis. Therefore, the named Plaintiffs bring the current action on behalf of a class of businesses and exhibitors that have been injured by Defendant's conduct.

## PARTIES

3. Plaintiff HatchMed Corp. is a corporation duly formed and existing under the laws of the State of Washington. HatchMed brings this action on its own behalf and behalf of all those similarly situated.

4. Plaintiff Novarad Corporation is a corporation duly formed and existing under the laws of the State of Utah. Novarad brings this action on its own behalf and behalf of all those similarly situated.

5. Defendant HIMSS is a not-for-profit corporation organized and existing under the laws of the State of Illinois. HIMSS was previously served with process and has made an appearance in this action.

## JURISDICTION AND VENUE

6. This action is within the original jurisdiction of this Court under the Class Action Fairness Act of 2005, P.L. No. 109-2, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453(b) ("CAFA"). CAFA grants district courts original jurisdiction over putative class actions in which: (i) the putative class consists of at least 100 proposed class members; (ii) the amount in controversy exceeds $5 million in the aggregate, exclusive of interest and costs; and (iii) any member of the putative class of plaintiffs is a citizen of a State different from that of any defendant (minimal diversity). Each of the requirements for original jurisdiction under CAFA are met here: (i) HIMSS reports that there are more than 1,300 unique exhibitors at the HIMSS conference;

(ii) upon information and belief, the amount in controversy exceeds $5 million; and (iii) HatchMed is a citizen of a State different from that of HIMSS.

7. Venue is proper in this district pursuant to 28 USC § 1391 because it is the judicial district in which Defendant resides. Additionally, venue in Cook County, Illinois is mandatory under the parties' agreement.

## FACTUAL BACKGROUND

8. Defendant HIMSS claims to be "a global advisor and thought leader supporting the transformation of the health ecosystem through information and technology." It purports to serve the "global health information and technology communities with focused operations across North America, Europe, the United Kingdom, the Middle East and Asia Pacific."

9. As a self-described "thought leader" in the healthcare ecosystem, Defendant puts on an annual tradeshow. The tradeshow was scheduled to take place this year on March 9 through March 13 in Orlando, Florida. According to Defendant, the event attracts more than 1,300 diverse exhibitors, in what Defendant advertises as, "an impressive, expansive show floor." Defendant boasts on its website that "[w]ith thousands of products and services, 400+ first-time exhibitors and start-up companies, 320+ education sessions on the show floor, hot-topic specialty pavilions, and multiple international pavilions—*the HIMSS20 exhibition is a can't miss experience.*" (emphasis added).

10. HatchMed is a medical supply company that provides hospital bed rentals and certain cutting-edge devices intended to make hospital care easier for patients and healthcare providers and facilities. As such, attending the tradeshow was a natural fit for HatchMed. The parties executed a contract that required HIMSS to provide floor space to HatchMed at the tradeshow in consideration of HatchMed's payment. Accordingly, under the agreement executed

on November 20, 2019, HatchMed paid $11,075.00 for tradeshow space to exhibit its goods and services, which HIMSS accepted.

11. Novarad is a Utah corporation that provides enterprise healthcare solutions. As with HatchMed, attending the tradeshow was a natural fit for Novarad. The parties executed a contract that required HIMSS to provide floor space to Novarad at the tradeshow in consideration of Novarad's payment. Accordingly, under the agreement dated January 31, 2019, Novarad paid $38,325.00 for tradeshow access, exhibit space, among other things, to exhibit its unique services, which HIMSS accepted.

12. As with HatchMed and Novarad, the Class Members entered into the contract whereby HIMSS was to provide them exhibition space, meeting space and/or sponsorships in connection with rendering the payment due under the Agreement.

13. On March 5, 2020, citing reports from the World Health Organization and others, Defendant's "Strategic Communications" Director, Karen D. Groppe, announced via press release that the HIMSS tradeshow was cancelled.

14. However, unlike other industry-wide tradeshows, HIMSS decided to utilize its cancellation as an unauthorized cash grab, as it unilaterally determined to keep the money that its exhibitors paid.

15. As such, by cancelling the tradeshow, refusing to provide the exhibition space, meeting space and/or sponsorships that HatchMed, Novarad and the Class Members paid for, and by refusing to return the funds paid for the exhibit space, Defendant breached its contract with HatchMed, Novarad, and the Class Members.

16.     Defendant's policy of taking exhibitors' money, cancelling the tradeshow they paid for, and refusing to return their funds was a global decision.  As such, its actions constitute a breach of contract with all those exhibitors similarly situated to HatchMed and Novarad.

17.     Defendant has sought to avoid liability for its improper activities by seeking releases in exchange for a pittance, seeking to require distressed companies to agree to "Final Remedies."

18.     Because Defendant has sought to keep funds that rightly belong to critical medical companies during this critical time, Plaintiffs are forced to bring this class action lawsuit seeking recovery for itself and on behalf of those similarly situated.

## CLASS

19.     Plaintiffs exemplify the Class Members who are exhibitors that provided funds to Defendant to obtain exhibition space, meeting space and/or sponsorships at Defendant's annual tradeshow pursuant to an agreement, and whose funds were retained by Defendant after the tradeshow's cancellation.

20.     Plaintiffs, on behalf of themselves and the Class Members, bring this action to ensure that exhibitors harmed by HIMSS' improper actions are compensated for the damages HIMSS caused.

## CLASS ALLEGATIONS

21.     The preceding factual statements and allegations are incorporated herein by reference.

22.     Plaintiffs bring this action as a nationwide class action pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek to represent a class of individuals consisting of:

> All persons that at any time prior to preliminary approval paid fees to HIMSS for exhibition space, meeting space and/or sponsorships at the HIMSS 2020 Conference and that have not already settled and released their claims.

23. Excluded from the Class are Defendant, as well as its officers, employees, agents, board members and legal counsel, and any judge who presides over this action (or spouse or family member of presiding judge), as well as all past and present employees, officers and directors of HIMSS, and any entity that executed a valid release in favor of HIMSS for its conduct alleged herein.

24. Plaintiffs reserve the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with Plaintiffs' motion for class certifications, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

25. This action is properly brought as a class action because the Class Members are so numerous that joinder of all of them is impracticable. Class Members are widely dispersed throughout the United States. There are more than 1,000 Class Members based on Plaintiffs investigation to date.

26. This action is also properly brought as a class action because certain common questions of law and/or fact exist as to all Class Members that predominate over any questions solely affecting individual Class Members including, *inter alia*: (1) whether Defendant breached the contract concerning the tradeshow by cancelling the tradeshow and refusing to issue refunds to entities that paid to participate; (2) whether Defendant complied with its legal obligations under the terms of the contract; and (3) whether Defendant has any valid legal defense for its conduct. As a result, Plaintiffs and Class Members were wrongfully deprived of their funds without basis by HIMSS.

27. Plaintiffs' claims are typical of the Class Members' claims since all provided funds to HIMSS under a contract that were wrongfully retained by Defendant.

28. Class Members' interest will be fairly and adequately protected by Plaintiffs. Plaintiffs' interests are consistent with those of the Class Members. Plaintiffs and the Class Members are represented by experienced and able counsel knowledgeable about this litigation.

29. Plaintiffs' interests are not antagonistic to, or in conflict with, the interest they seek to represent. Plaintiffs know of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

30. Class certification, therefore, is appropriate under Federal Rule of Civil Procedure 23 because the common questions of law or fact predominate over any questions affecting individual Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31. The expense and burden of litigation would substantially impair the ability of the Class Members to pursue individual lawsuits in order to vindicate their rights. In the absence of a class action, Defendant will reap and retain the benefits of its wrongdoing.

**FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

32. Plaintiffs restate the foregoing allegations as if set forth fully herein.

33. A valid and enforceable contract exists between the Plaintiffs and the Class Members, on one hand, and the Defendant, on the other.

34. Plaintiffs and the Class Members performed under the contract by rendering payment for exhibition space, meeting space and/or sponsorships, and are not in breach. All conditions precedent have been met.

35. Defendant breached the contract by cancelling the trade show, but keeping funds paid for it.

36. Plaintiffs and the Class Members suffered injury as a result of Defendant's breach of contract.

### SECOND CAUSE OF ACTION: UNJUST ENRICHMENT

37. Plaintiffs restate the foregoing allegations as if set forth fully herein. Plaintiffs make this claim in the alternative to their claim for breach of contract.

38. Defendant retained a benefit to the Plaintiffs' and Class Members' detriment.

39. Defendant's retention of the benefit violates fundamental principles of justice, equity, and good conscience.

### THIRD CAUSE OF ACTION: PROMISSORY ESTOPPEL

40. Plaintiffs restate the foregoing allegations as if set forth fully herein. Plaintiffs make this claim in the alternative to their claim for breach of contract.

41. Defendant made an unambiguous promise to Plaintiffs.

42. Plaintiffs relied on such a promise.

43. Plaintiffs' reliance was expected and foreseeable by Defendant.

44. Plaintiffs relied on the promise to its detriment.

### DEMAND FOR JURY

45. Plaintiffs and Class Members demand a trial by jury on all issues so triable.

### REQUEST FOR RELIEF

46. Considering these premises, Plaintiffs respectfully request that this Court, upon final disposition of this matter, enter judgment against Defendant for the following relief:

(A) Compensatory damages in an amount to be determined at trial;

(B) Pre-judgment and post-judgment interest on all sums at the maximum rate allowed by law;

(C) Plaintiffs' and the Class Members' reasonable attorneys' fees and expenses incurred in the filing and prosecution of this action;

(D) All costs of court;

(E) Any and all costs and reasonable attorneys' fees incurred in any and all related appeals and collateral actions (if any); and

(F) Such other relief to which this Court deems Plaintiffs and all Class Members justly entitled.

Respectfully submitted,

*/s/ Peyton J. Healey*
Peyton J. Healey
Bar No. 24035918 (*Admitted to the General Bar of the Northern District of Illinois*)

HEDRICK KRING, PLLC
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
(Tel.): (214) 880-9600
(Fax): (214) 481-1844
Peyton@HedrickKring.com

- AND -

Nicholas T. Peters (IL 6279677)
ntpete@fitcheven.com
Nicole L. Little (IL 6297047)
nlittle@fitcheven.com
FITCH, EVEN, TABIN & FLANNERY LLP
120 South LaSalle Street, Suite 2100
Chicago, Illinois 60603
Telephone: (312) 577-7000

ATTORNEYS FOR PLAINTIFFS
AND CLASS MEMBERS