IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HATCHMED CORP. and NOVARAD CORPORATION, on behalf of themselves and others similarly situated, | )<br>)<br>) |
| | ) Case No. 1:20-cv-03377 |
| Plaintiffs, | ) |
| v. | ) Judge Martha M. Pacold |
| | ) |
| HEALTHCARE INFORMATION AND MANAGEMENT SYSTEMS SOCIETY, | ) Magistrate Judge Jeffrey T. Gilbert |
| | )<br>) |
| Defendant. | ) |

## ORDER GRANTING PRELIMINARY
## APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is the Unopposed Motion for Preliminary Approval of Settlement ("Motion") of Plaintiffs HatchMed Corp. and Novarad Corporation ("Plaintiffs"). Plaintiffs in this lawsuit (the "Litigation") allege that they and the proposed Settlement Class paid fees for exhibition space, meeting space and/or sponsorships at the HIMSS 2020 Conference ("2020 Conference Fees"), that Healthcare Information and Management Systems Society ("HIMSS" or "Defendant") wrongfully cancelled the HIMSS 2020 Conference on or about March 5, 2020 due to the COVID-19 pandemic and that class members suffered damages and are entitled to relief as a result.[1]

On February 25, 2021, Plaintiffs and HIMSS (together, the "Parties") executed a Class Action Settlement Agreement ("Settlement Agreement") on behalf of themselves and the Settlement Class that Plaintiffs seek to certify. Having thoroughly reviewed the Settlement

---

[1] Capitalized terms not defined herein have the definitions given to them in the Settlement Agreement. Dkt. 35 § II.

Agreement and exhibits thereto and having considered the arguments of the Parties, THE COURT HEREBY FINDS, CONCLUDES AND ORDERS THE FOLLOWING:

1. The Parties have agreed to a class action settlement of all Released Claims. Plaintiffs seek, and for purposes of settlement only HIMSS does not object to, certification of a Settlement Class with the following definition:

> All Persons that at any time prior to Preliminary Approval paid fees to HIMSS for exhibition space, meeting space and/or sponsorships at the HIMSS 2020 Conference and that have not already settled and released their claims.
>
> Specifically excluded are the following Persons:
>
> (i) HIMSS and its subsidiaries and affiliates, employees, officers, directors, agents and representatives and their family members;
>
> (ii) Class Counsel;
>
> (iii) The judges who have presided over the Litigation; and
>
> (iv) All Persons that have timely elected to become Opt Outs from the Settlement Class in accordance with the Court's orders.

2. For purposes of preliminary approval, this Court assesses the Settlement under Fed. R. Civ. P. 23(e). Under Rule 23(e)(1)(B), the Court "must direct notice in a reasonable manner" to proposed Settlement Class Members "if giving notice is justified by the parties' showing that the court will likely be able to (i) approve the proposal [as fair, reasonable, and adequate] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

### Likely Approval as Fair, Reasonable and Adequate

3. To determine whether the Settlement is fair, reasonable and adequate, Rule 23(e)(2) directs the Court to consider whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and

> appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

4.     The Settlement Class representatives proposed in the First Amended Complaint are adequately representing the proposed Settlement Class: they share the same alleged injury (that they allegedly paid 2020 Conference Fees and therefore suffered damages when the HIMSS 2020 Conference was cancelled) and the same interest (maximizing its recovery related to the cancellation of the HIMSS 2020 Conference).  Peyton J. Healey, Esq. of Hedrick Kring, PLLC is also adequately representing the proposed Settlement Class.

5.     There is no question that the Parties are at arm's length.  The Settlement appears to be the result of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through mediation-related discovery and whose negotiations were supervised by respected class-action mediator the Honorable Wayne R. Andersen (Ret.).

6.     The Settlement provides adequate relief to the proposed Settlement Class.  As part of the Settlement and without Settlement Class Members taking any action, Settlement Class Members are entitled to a credit equal to fifty percent (50%) of their 2020 Conference Fees that can be used toward fees for exhibition space, meeting space and/or sponsorships at the HIMSS 2021 Conference and that will be applied to the account of the Settlement Class Member upon execution of a contract to attend the HIMSS 2021 Conference (less any sums already credited) <u>and</u> a credit equal to ten percent (10%) of their 2020 Conference Fees that can be used toward fees for exhibition space, meeting space and/or sponsorships at the HIMSS 2022 Conference and that will be applied to the account of the Settlement Class Member upon execution of a contract to attend

the HIMSS 2022 Conference (less any sums already credited) (the "Credit-Only Option"). If Settlement Class Members instead prefer a cash payment equal to twenty percent (20%) of their 2020 Conference Fees (less any sums already paid by HIMSS to a particular Settlement Class in connection with its 2020 Conference Fees), a credit equal to thirty percent (30%) of their 2020 Conference Fees that can be used toward fees for exhibition space, meeting space and/or sponsorships at the HIMSS 2021 Conference and that will be applied to the account of the Settlement Class Member upon execution of a contract to attend the HIMSS 2021 Conference (less any sums already credited) and a credit equal to ten percent (10%) of their 2020 Conference Fees that can be used toward fees for exhibition space, meeting space and/or sponsorships at the HIMSS 2022 Conference and that will be applied to the account of the Settlement Class Member upon execution of a contract to attend the HIMSS 2022 Conference (less any sums already credited) (the "Cash/Credit Option"), the Settlement gives them the option to instead request such relief and receive the cash payment from a $2.8 million Cash Fund to be paid by HIMSS. In light of the costs, risks and delay of trial and appeal, this compensation is at least adequate for purposes of Rule 23(e)(1). If this Settlement had not been reached, the Parties planned to vigorously contest HIMSS' expected motion dismiss as well as class certification, and Plaintiffs' chances at trial also would have been uncertain.

7. There is no reason to doubt the effectiveness of distributing relief under this Settlement. As further addressed below, the Parties propose a Notice Program reasonably calculated to reach nearly all members of the proposed Settlement Class, that will be able to submit claims for the Cash/Credit Option online or by mail. Members of the proposed Settlement Class will otherwise receive the Credit-Only option without the need to take any action.

4

8. This Court will fully assess the request of Class Counsel for Attorneys' Fees and Expenses after receiving its motion supporting such request. At this stage, the Court finds that the plan to request fees to be paid from the Cash Fund creates no reason not to direct notice to the proposed Settlement Class. In particular, should the Court find any aspect of the requested Attorneys' Fees and Expenses unsupported or unwarranted, such funds would not be returned to HIMSS, and therefore the Settlement Class would not be prejudiced by directing notice at this time.

9. No agreements exist between the Parties aside from those referred to in the Settlement, including certain terms that permit HIMSS to communicate with Settlement Class Members after Preliminary Approval in certain circumstances. Specifically, the Parties have agreed, and Plaintiffs and Class Counsel expressly consent, that HIMSS shall be entitled to communicate on an individual basis with Settlement Class Members following Preliminary Approval, notwithstanding the preliminary or ultimate final certification of the Settlement Class or any other class, in order to prepare for the HIMSS 2021 Conference, negotiate the attendance of Settlement Class Members at the HIMSS 2021 Conference and related contracts and payments and enter into individual settlement agreements and/or releases with individual Settlement Class Members related to the Released Claims or the HIMSS 2020 Conference.

10. The Settlement treats members of the proposed Settlement Class equitably relative to each other because all members of the proposed Settlement Class may select from the same options: the Credit-Only Option or the Cash/Credit Option. The credits and cash payments would be based on the cost of each member's 2020 Conference Fees. These are equitable terms.

11. Having thoroughly reviewed the Settlement Agreement, the supporting exhibits and the Settling Parties' arguments, this Court finds that the Settlement is fair, reasonable and adequate

to warrant providing notice to the Settlement Class, and thus likely to be approved, subject to further consideration at the Final Approval Hearing to be conducted as described below.

## Likely Certification of Settlement Class

12. The Court assesses the likelihood that it will be able to certify the proposed Settlement Class under Rules 23(a) and 23(b)(3) (because this Settlement Class seeks damages). See Fed. R. Civ. P. 23(a)-(b). The Court makes this assessment for the purposes of Settlement only at this time.

13. The proposed Class is sufficiently numerous under Rule 23(a)(1) because over 850 entities paid 2020 Conference Fees and have not already settled and/or released their claims, all of which would be members of the Settlement Class.

14. Resolution of the Litigation would depend on the common answers to common questions, such as whether HIMSS was permitted to cancel the HIMSS 2020 Conference and whether HIMSS could avoid repaying 2020 Conference Fees based on an event of force majeure, namely, the COVID-19 pandemic.

15. Plaintiffs' claims are typical of the claims of the members of the proposed Settlement Class because they challenge the same conduct -- HIMSS' cancellation of the HIMSS 2020 Conference -- and make the same legal arguments. Typicality under Rule 23(a)(3) is satisfied.

16. The proposed Settlement Class representative and Class Counsel will fairly and adequately protect the interests of the proposed Settlement Class.

17. At least for purposes of settlement, the common issues in the Litigation predominate over individual issues under Rule 23(b)(3). Key elements of Plaintiffs' claims are the payment of 2020 Conference Fees to HIMSS, the cancellation of the HIMSS 2020 Conference and the alleged failure on the part of HIMSS to repay the 2020 Conference Fees.

18. This Settlement would be superior under Rule 23(b)(3) to many individual actions. Many members of the proposed Settlement Class may not have suffered sufficient damages to justify the costs of expensive litigation. And if the members of the proposed Settlement Class with higher potential damages won significant verdicts, they might deprive remaining Class Members of compensation. The Settlement ensures that all Settlement Class Members will have the opportunity to be compensated through credits and/or cash payments.

19. For these reasons, pursuant to Rule 23, and for settlement purposes only, the Court finds it will likely certify the Settlement Class defined above in paragraph 1 of this Order. This finding is subject to further consideration at the Final Approval Hearing to be conducted as described below.

20. The Court hereby preliminarily appoints the Plaintiffs as representatives of the Settlement Class. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby preliminarily appoints Peyton J. Healey, Esq. of Hedrick Kring, PLLC as Class Counsel for the Settlement Class.

21. In any final approval order issued after the Final Approval Hearing, the Court will bar and permanently enjoin all Settlement Class Members that have not been properly excluded from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims and (b) organizing Settlement Class Members that have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims

and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

## Approval of the Manner and Form of Notice

22. Having preliminarily approved the Settlement, the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). The Parties have submitted three proposed forms of Class Notice: a Mailed Notice (including a Claim Form), an Emailed Notice and a Published Notice, which are attached to Plaintiffs' Memorandum in Support of its Motion as Exhibits A-2, A-3 and A-4. Under the terms of the Settlement Agreement and as detailed in these exhibits and the Motion, the Parties propose to send by First-Class Mail, postage prepaid, the Mailed Notice (including a Claim Form) to each individual Settlement Class Member at their last known address as provided to HIMSS upon registration for the HIMSS 2020 Conference or at an alternative, readily-ascertainable address by First-Class Mail, postage prepaid. The Parties also propose to email the Emailed Notice to each individual Settlement Class Member at the email address (if any) which they provided to HIMSS upon registration for the HIMSS 2020 Conference or at an alternative, readily-ascertainable email address if available. In addition, HIMSS, as the Settlement Administrator, will create a Settlement Webpage where the Published Notice and Claim Form will be available.

23. Having reviewed these exhibits, the Court finds that the Parties' proposed plan for providing notice to Settlement Class Members (a) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice, (b) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the Settlement and (c) meets all applicable requirements of applicable law. The Notice Program satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B)

and due process. The Court therefore approves the Notice Program and the notice documents substantially in the form attached as the exhibits to Plaintiffs' Motion.

24. HIMSS has been selected to serve as the Settlement Administrator under the terms of the Settlement. The Court hereby appoints HIMSS to serve as the Settlement Administrator to be supervised jointly by Class Counsel, Plaintiffs and Defense Counsel in taking the actions ordered below and performing any other duties of the Settlement Administrator provided for in the Settlement Agreement.

25. Accordingly, the Court hereby ORDERS as follows:

    a. Promptly after the entry of this Order, the Settlement Administrator will issue Class Notice and administer the Notice Program, receive and appropriately respond to all claims submitted by a member of the Settlement Class and otherwise administer the Settlement Agreement.

    b. The Settlement Administrator will (1) assign personnel to manage the settlement implementation process, including the Notice Program, (2) establish a toll-free telephone number that members of the Class may call to obtain information, (3) establish an email address and a mailing address to which members of the Settlement Class can send claims and (4) create a Settlement Webpage containing information about the Settlement, including the Published Notice and the Claim Form for download or electronic submission.

    c. No later than thirty (30) days following the entry of this Order, and sooner if practicable, the Settlement Administrator will mail the Court-approved Mailed Notice (Exhibit A-2) (including a Claim Form, Exhibit A-3), to all potential Settlement Class Members at their last known address as provided to HIMSS upon

registration for the HIMSS 2020 Conference or at an alternative, readily-ascertainable address by First-Class Mail, postage prepaid.

      d.     No later than thirty (30) days following the entry of this Order, and sooner if practicable, the Settlement Administrator shall email or cause to be emailed the Emailed Notice to all potential Settlement Class Members at the email address (if any) which they provided to HIMSS upon registration for the HIMSS 2020 Conference or at an alternative, readily-ascertainable email address if available.

      e.     The Settlement Administrator will forward notices that are returned by the United States Postal Service with a forwarding address. Following receipt of any returned notices that do not include a forwarding address, the Settlement Administrator shall as soon as practicable (itself or through an appropriate vendor) research such returned mail for more accurate addresses and promptly mail copies of the applicable notice to any more accurate addresses so found.

      f.     Within fourteen (14) Days of the entry of this Order, the Settlement Administrator will cause the Settlement Webpage located on www.himss.org to be updated to provide information and relevant documents related to this Settlement, including but not limited to, the following: applicable deadlines; Published Notice; Mailed Notice; Emailed Notice; orders of the Court pertaining to the Settlement; this Settlement Agreement; and contact addresses for questions. The Settlement Webpage shall be rendered inactive thirty (30) Days after the Effective Date. Class Counsel and Defense Counsel shall agree on all information and documents to be posted on the Settlement Webpage.

10

  g. As appropriate, Class Counsel and/or HIMSS shall provide an affidavit to the Court attesting to the Notice Program and all measures undertaken to provide notice of the Settlement to the Settlement Class no later than twenty-one (21) Days before the Final Approval Hearing.

  h. The Settlement Administrator shall receive, evaluate and either approve or disapprove Claim Forms under the requirements of the Settlement. The Settlement Administrator shall send a notice of claim denial by First-Class Mail to each Settlement Class Member that submitted a Claim Form that the Settlement Administrator determines not to be a valid claim. The Settlement Administrator shall not review or pay any claims for monetary compensation submitted by a member of the Settlement Class after the Claim Deadline.

  i. The Settlement Administrator shall forward any objections to the Settlement received from Settlement Class Members to Class Counsel and Defense Counsel.

  j. The Settlement Administrator shall provide the Opt-Out List together with copies of each Request for Exclusion to Class Counsel and Defense Counsel not later than seven (7) business Days after the deadline for submission of Requests for Exclusion. Class Counsel and Defense Counsel shall submit the names appearing on the Opt-Out List to the Court under seal at the time of the Final Approval Hearing.

### **Participation in, Exclusion from or Objection to the Settlement**

26. Each form described in this section shall be deemed to be submitted when postmarked or when electronically received by the Settlement Administrator if submitted electronically.

27. Settlement Class Members that wish to receive the Cash/Credit Option under the Settlement must properly and timely complete, sign and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be submitted no later than sixty (60) Days after the Notice Date.

28. Settlement Class Members that wish to exclude themselves from (<u>i.e.</u>, opt out of) the Settlement must send a Request for Exclusion that:

    a. Has the signature of the member of the Settlement Class, even if represented by counsel. If the member of the Settlement Class is an entity and not an individual, the Request for Exclusion must be signed by an officer or director of the entity with authority to act on behalf of that entity. If the Settlement Class Member is represented by counsel, the Request for Exclusion shall also be signed by that attorney;

    b. States the name, address and telephone number of the Person requesting exclusion; and

    c. Contains a clear and unambiguous statement communicating that such Person elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member and elects to be excluded from any judgment entered pursuant to the Settlement.

29. A member of the Settlement Class may opt out on an individual basis only; so-called "mass" or "class" opt outs shall not be allowed.

30. All Requests for Exclusion must be submitted no later than forty-five (45) Days after the Notice Date. Any member of the Settlement Class that submits a timely Request for

Exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

31. Any Settlement Class Member that fails to submit a timely and complete Request for Exclusion sent to the proper address shall be subject to and bound by this Settlement and every order or judgment entered pursuant to this Settlement. Any purported Request for Exclusion or other communication sent to such address that is unclear or internally inconsistent with respect to the Settlement Class Member's desire to be excluded from the Settlement Class will be deemed invalid unless determined otherwise by the Court. Requests for Exclusion signed only by counsel or another representative shall not be permitted.

32. Any Settlement Class Member that wishes to be heard at the Final Approval Hearing, or that wishes for any objection to be considered, must file with the Clerk of the Court a written notice of objection, including any request to be heard, no later than forty-five (45) Days after the Notice Date. Such objection must:

  a. Have the signature of the member of the Settlement Class objecting, even if represented by counsel. If the member of the Settlement Class is an entity and not an individual, the objection must be signed by an officer or director of the entity with authority to act on behalf of that entity. If the Settlement Class Member that is objecting to the Settlement is represented by counsel, the objection shall also be signed by that attorney,

  b. State the name, address and telephone number of the Person objecting,

  c. State the name, address and telephone number of every attorney representing or assisting the objector,

    d. Contain a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such Person wishes to be considered in support of the objection,

    e. Contain a list of all cases in which the Person objecting or the Person's counsel filed or in any way participated -- financially or otherwise -- objecting to a class settlement during the preceding five years; and

    f. Contain a statement regarding whether the Person objecting intends to appear at the Final Approval Hearing, either with or without counsel, and a list of all persons, if any, who will be called to testify in support of the objection.

33. The Settlement Class Member must also serve by mail or hand delivery his or her notice of objection, including any request to be heard, including all papers or evidence in support thereof, upon one of the Class Counsel and Defense Counsel, at the addresses set forth in the Class Notice.

34. Objectors that fail to properly or timely file their objections with the Clerk of the Court, along with the required information and documentation set forth above, or to serve them as provided above, shall not be heard during the Final Approval Hearing, shall not have their objections be considered by the Court and shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

35. Class Counsel and Defense Counsel may respond to any objection filed by a Settlement Class Member, and must file such a response with the Court no later than fourteen (14) Days prior to the Final Approval Hearing.

36. Settlement Class Members may not both object and opt out. If a Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion shall be controlling.

37. Any Settlement Class Member that does not file a timely, written objection to the Settlement or that fails to otherwise comply with the requirements outline above in paragraphs 26-36 shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

### Final Approval Hearing and Related Deadlines

38. This Court will hold a Final Approval Hearing remotely via telephone on **June 24, 2021 at 10:30 a.m. CT.** Participants may join the Final Approval Hearing by dialing 888-684-8852 and entering access code 9482028#. Persons granted remote access to proceedings are reminded of the general prohibition against recording or rebroadcasting of court proceedings. Violations of these prohibitions may result in sanctions deemed necessary by the Court. The purposes of the Final Approval Hearing will be to consider the fairness, reasonableness and adequacy of the proposed Settlement and the application for an award of Attorneys' Fees and Expenses, and to consider whether the Court should issue a Final Order and Judgment approving the Settlement, granting Class Counsel's application for fees and expenses, granting the Service Awards application of Plaintiffs and dismissing the claims against HIMSS with prejudice.

39. The Court reserves the right to adjourn the Final Approval Hearing without further notice to Settlement Class Members, or to approve the Settlement with modification without further notice to Settlement Class Members.

40. Any Settlement Class Member may appear at the Final Approval Hearing by filing with the Clerk of the Court a written notice of objection no later than forty-five (45) Days after the Notice Date in accordance with the requirements outlined in paragraph 32-34 above and including

15

a statement that he or she intends to appear at the Final Approval Hearing, either with or without counsel, along with a list of all Persons, if any, that will be called to testify in support of the objection.

41. If any Settlement Class Member hires an attorney to represent the Settlement Class Member at the Fairness Hearing, that attorney will be at the Settlement Class Member's expense.

42. Any attorney hired by a Settlement Class Member for the purpose of objecting to the Settlement and who intends to make an appearance at the Final Approval Hearing must provide to Class Counsel and Defense Counsel and to file with the Clerk of the Court a notice of intention to appear no later than forty-five (45) Days after the Notice Date.

43. Class Counsel's papers in support of any application for Attorneys' Fees and Expenses and/or Service Awards shall be filed by the Notice Date. If any reply papers are necessary, they shall be filed no later than fourteen (14) Days prior to the Final Approval Hearing.

44. Class Counsel's papers in support of final approval of the Settlement shall be filed no later than sixty (60) Days from the Notice Date. If any reply papers are necessary, they shall be filed no later than seven (7) Days prior to the Final Approval Hearing.

## Effects of this Preliminary Approval Order

45. If for any reason the Settlement fails to become effective in accordance with its terms, or if the judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification (which shall not include any modification to an award of Attorneys' Fees and Expenses or to the Service Awards), if either party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement, survive termination of the Settlement), and the Settling Parties shall return to their positions without prejudice in any way, as provided for in the Settlement.

46. As set forth in the Settlement, the fact and terms of this Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission or evidence or be deemed to create any inference against any party, including, but not limited to: (i) of any acts of wrongdoing or lack of wrongdoing; (ii) of any liability on the part of HIMSS to the Plaintiffs, the Settlement Class or anyone else; (iii) of any deficiency of any claim or defense that has been or could have been asserted in this case; (iv) that HIMSS agrees that a litigation class may be properly certified in this case; (v) of any damages or lack of damages suffered by the Plaintiffs, the Settlement Class or anyone else; or (vi) that any benefits obtained by the Settlement Class pursuant to the Settlement or any other amount represents the amount that could or would have been recovered in the actions in this case if they were not settled at this point in time. The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, including but not limited to the judgment and the release of the Released Claims provided for in the Settlement and any judgment, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement.

47. All members of the Settlement Class unless and until they have timely and properly excluded themselves from the Settlement Class are preliminarily enjoined from (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant, participant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any

jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims; (b) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class that has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims; and (c) attempting to effect opt outs of a class of individuals in this lawsuit or any other lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims.

48. Any member of the Settlement Class that does not submit a timely, written Request for Exclusion from the Settlement Class (i.e., become an Opt Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

Dated: March 12, 2021　　　　　　　　　/s/ Martha M. Pacold
　　　　　　　　　　　　　　　　　　　Martha M. Pacold
　　　　　　　　　　　　　　　　　　　United States District Judge