IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HATCHMED CORP. and NOVARAD CORPORATION, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTHCARE INFORMATION AND MANAGEMENT SYSTEMS SOCIETY,<br><br>Defendant. | Case No. 1:20-cv-03377<br><br>Judge Martha M. Pacold<br><br>Magistrate Judge Jeffrey T. Gilbert |

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES AND EXPENSES AND NAMED PLAINTIFF SERVICE AWARDS, AND ENTERING FINAL ORDER AND JUDGMENT

Plaintiffs HatchMed Corp. and Novarad Corporation ("Plaintiffs") and Healthcare Information and Management Systems Society ("HIMSS" or "Defendant") entered into a Class Action Settlement Agreement ("Settlement Agreement") on or about March 2, 2021 on behalf of themselves and the Settlement Class.[1] The Court held a preliminary approval hearing on March 12, 2021, and on March 12, 2021, the Court granted preliminary approval of the Settlement, provisionally approving certification of a class for settlement. *See* Order (Dkt. 41).

On June 24, 2021, the Court held a Final Approval Hearing on (1) Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 44) and (2) Plaintiffs' Motion for Approval of Attorneys' Fee Award and Service Award (Dkt. 42). The Court heard argument from Plaintiffs

---

[1] Unless defined differently herein, this Final Order and Judgment incorporates the definitions in the Settlement Agreement, and terms used herein shall have the same meanings as set forth in the Settlement Agreement. The Settlement Agreement is adopted by the Court and made part of this Final Order and Judgment as if set out in full herein. *See* Settlement Agreement (Dkt. 35-1). In the event of any inconsistency between the Settlement Agreement and a term defined differently herein, the definition herein shall apply.

and Defendant. No objections were filed to the Settlement, and there are no Opt Outs to the Settlement. Through the briefs, exhibits, and argument at the Final Approval Hearing, the Court has thoroughly examined and considered the Settlement and Settlement Agreement and the requests for Attorneys' Fees and Expenses and Service Awards.

Having reviewed the motions and all related pleadings and filings and having also heard the evidence and argument presented at the Final Approval Hearing, which are incorporated herein by reference, THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

### I. FINAL ORDER AND JUDGMENT

#### A. Certification Of The Settlement Class

1. The Court certifies, for settlement purposes only, the following class (hereinafter and for purposes of this Final Order and Judgment, the "Settlement Class"):

> All Persons that at any time prior to Preliminary Approval paid fees to HIMSS for exhibition space, meeting space and/or sponsorships at the HIMSS 2020 Conference and that have not already settled and released their claims.
>
> Specifically excluded are the following Persons:
>
> (i)   HIMSS and its subsidiaries and affiliates, employees, officers, directors, agents and representatives and their family members;
>
> (ii)  Class Counsel; and
>
> (iii) The judges who have presided over the Litigation.

2. For the reasons stated in its order granting preliminary approval of the Settlement (Dkt. 41) and as summarized below, the Court finds that the Settlement Class meets the requirements of Rule 23 for certification for settlement purposes:

a. Rule 23(a)(1) Numerosity: The Settlement Class is too numerous to practicably join all members, because it includes over 850 entities that paid 2020 Conference Fees and have not already settled and/or released their claims.

b. Rule 23(a)(2) Commonality: Resolution of this litigation would depend on common answers to common questions, such as whether HIMSS was permitted to cancel the HIMSS 2020 Conference and whether HIMSS could avoid repaying 2020 Conference Fees based on an event of force majeure, namely, the COVID-19 pandemic.

c. Rule 23(a)(3) Typicality: Plaintiffs' claims are typical of the members of the Settlement Class because they challenge the same conduct -- HIMSS' cancellation of the HIMSS 2020 Conference -- and make the same legal arguments.

d. Rule 23(a)(4) Adequacy: Both Plaintiffs and Class Counsel have adequately represented the Settlement Class throughout the Litigation.

e. Rule 23(b)(3) Predominance: At least for purposes of settlement, common issues in the Litigation predominate over individual issues. Key elements of Plaintiffs' claims are the payment of 2020 Conference Fees to HIMSS, the cancellation of the HIMSS 2020 Conference and the alleged failure on the part of HIMSS to repay the 2020 Conference Fees.

f. Rule 23(b)(3) Superiority: A class action is superior to many individualactions. The Settlement ensures that all Settlement Class Members will have the opportunity to be compensated through credits and/or cash payments.

3. The Court hereby appoints Plaintiffs as representatives of the Settlement Class. The Court hereby appoints Peyton J. Healey, Esq. of Hedrick Kring, PLLC as Class Counsel for the Settlement Class.

## B. Notice

4. The Court affirms the appointment of HIMSS as Settlement Administrator.

5. In accordance with the Settlement Agreement, the Settlement Administrator launched the Settlement Webpage. Pursuant to the terms of the Settlement Agreement and the Preliminary Approval Order, on April 12, 2021, HIMSS sent the Court-approved Mailed Notice and Claim Form to all Settlement Class Members. *See* Affidavit of J. Daley Regarding Notice Administration (Dkt. 43) at ¶ 7. Pursuant to the terms of the Settlement Agreement and the Preliminary Approval Order, on April 12, 2021, HIMSS sent the Court-approved Emailed Notice to all Settlement Class Members. *See id.* at ¶ 8. All notices returned as undeliverable were forwarded to an appropriate address or email address. *See id.* at ¶ 9. Direct notice was therefore sent to all Settlement Class Members.

6. The Notice Program, together with all included and ancillary documents thereto, complied with all the requirements of Rule 23(c)(2)(B) and fairly, accurately, and reasonably informed members of the Settlement Class of (a) appropriate information about the nature of this lawsuit, including the class claims, issues, and defenses, and the essential terms of the Settlement Agreement, (b) the definition of the Settlement Class, (c) appropriate information about, and means for obtaining additional information regarding, the lawsuit and the Settlement Agreement, (d) appropriate information about, and means for obtaining and submitting, a claim, (e) appropriate information about the right of Settlement Class Members to appear through an attorney, as well as the time, manner, and effect of excluding themselves from the Settlement, objecting to the terms of the Settlement Agreement, or objecting to Class Counsel's request for an award of attorneys' fees

and expenses, and the procedures to do so, (f) appropriate information about the consequences of failing to submit a claim or failing to comply with the procedures and deadline for requesting exclusion from, or objecting to, the Settlement and (g) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3) of the Federal Rules of Civil Procedure.

7. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of laws as well as all requirements of due process.

8. The Court also finds that notice to appropriate federal and state officials pursuantto the federal Class Action Fairness Act has been timely sent and that such notice fully satisfies the requirements of the federal Class Action Fairness Act, 28 U.S.C. § 1715.

### C. Final Approval Of Settlement

9. At the Final Approval Hearing held on June 24, 2021, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement and the notice provided to Settlement Class Members, considering the pleadings and argument of the parties and their counsel and the interests of all absent members of the Settlement Class.

10. After thoroughly considering the briefing and arguments of the parties and considering the factors required by Rule 23 and the Seventh Circuit, this Court concludes that this Settlement is fair, reasonable, and adequate, consistent and in compliance with all requirements of due process and applicable law and in the best interests of all Parties, and the Court grants final approval to the Settlement.

11. Specifically, the Court determines that (a) the Plaintiffs and Class Counsel have adequately protected the Settlement Class, (b) the Settlement was negotiated at arm's-length, (c) the relief to the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement

Class, including the method of processing Settlement Class Members' claims; (iii) the terms of the proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3) of the Federal Rules of Civil Procedure, and (d) the Settlement treats Settlement Class Members equitably relative to each other because all members of the proposed Settlement Class may select from the same options: the Credit-Only Option or the Cash/Credit Option. Accordingly, the Court finds the Settlement to be fair, reasonable, and adequate. The Court expressly finds that the Settlement is the result of extended, arm's-length negotiations among experienced counsel, including with the aid of respected class action mediator Judge Wayne Andersen (Ret.), and is non-collusive.

12. The parties have represented that no agreements exist between the Parties aside from those referred to in the Settlement or otherwise submitted to the Court.

13. There were no timely objections to the Settlement.

14. The Court finds that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class.

### D. Implementation Of Settlement

15. The Court directs the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions.

### E. Attorneys' Fees And Expenses And Service Awards

16. The Court may "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Class Counsel requested $989,333.33 in fees. Having reviewed the motion for fees and supporting documentation, and given that no party or Settlement Class Member has opposed or objected to the fee request, the Court finds the fee request supported and reasonable.

17. Class Counsel also seek reimbursement of $8,504.15 in out-of-pocket expenses advanced for the Settlement Class. Counsel submitted documentation supporting the requested costs, which showed they were appropriate expenditures on behalf of the Settlement Class and are of the type that are recoverable. The Court approves the request for reimbursement of $8,504.15 in advanced costs.

18. Class Counsel also request a $8,860.00 Service Award for HatchMed Corp. and a $30,660.00 Service Award for Novarad Corporation, which equate to eighty percent (80%) of Plaintiffs' respective 2020 Conference Fees. When courts evaluate such awards, "relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (approving $25,000 award). Here, Plaintiffs initiated litigation, participated in mediation, and negotiated an arms'-length Settlement that equally benefits hundreds of Settlement Class Members who otherwise would not or may not receive any relief, and Novarad also bore out-of-pocket expenses. The Court concludes that the requested Service Awards are appropriate for each Named Plaintiff.

19. For the reasons stated above, the Court approves Class Counsel's requests for Attorneys' Fees and Expenses and for Service Awards.

### F. Exclusions From The Settlement Class

20. The Settlement Administrator has not received any requests for exclusion from the Settlement Class. Each individual or entity that falls within the definition of the Settlement Class shall therefore be and is bound by the terms of the Settlement.

### G. Releases

21. The Court adjudges that in consideration of the Settlement and as set forth in the Settlement Agreement, Plaintiffs, on behalf of themselves and all Settlement Class Members, Class

Counsel, each of the Settlement Class Members and the respective heirs, administrators, representatives, attorneys, agents, officers, directors, employees, parents, subsidiaries, administrators, partners, predecessors, successors, assigns, subrogees, insurers, co-insurers, reinsurers and insurance brokers of each of Plaintiffs, Class Counsel and the Settlement Class Members and all other legal or natural persons who may claim by, through or under them who have not excluded themselves from the Settlement Class, fully, finally, conclusively and forever release, relinquish, acquit, discharge, and hold harmless HIMSS and its affiliates and each of its past, present and future predecessors, successors, assigns, parents, subsidiaries, affiliates, joint venturers, partnerships, limited liability companies, corporations, unincorporated entities, divisions, groups, directors, officers, shareholders, members, grand-members, employees, partners, agents, owners, distributors, administrators, attorneys and legal representatives as well as each of their insurers, co-insurers, reinsurers and insurance brokers, and any other person or entity acting by, through, under or in concert with any of them, whether in the past, present or future, of and from any and all claims, actions, causes of action, rights, demands, suits, debts, damages, costs, fees (including attorneys' fees), sums of money, liens, contracts, warranties, agreements, offsets or liabilities, including but not limited to tort claims, equitable claims, claims for breach of contract, breach of implied contract, breach of warranty, breach of the duty of good faith and fair dealing, unjust enrichment, promissory estoppel, breach of statutory duties, actual or constructive fraud, misrepresentation, or omission, fraudulent inducement, statutory or consumer misrepresentation, omission or fraud, unfair business or trade practices, restitution, rescission, compensatory and punitive damages, statutory damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal, state or local law, rules or regulations, that the Releasing

Parties had, now has or may in the future have with respect to any conduct, acts, omissions, facts, matters, transactions or oral or written statements or occurrences on or prior to March 12, 2021 arising from or relating to the HIMSS 2020 Conference, the cancellation of the HIMSS 2020 Conference or any contract or agreement related to the HIMSS 2020 Conference, including, without limitation, causes of action for breach of contract, breach of implied contract, breach of the duty of good faith and fair dealing, unjust enrichment, promissory estoppel, misrepresentation, omission, fraud, breach of express or implied warranty and similar claims under the law of each state, territory and the District of Columbia, including but not limited to any and all consumer protection statutes, rules or regulations.

22. All Plaintiffs and members of the Settlement Class have waived and relinquished all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code and of all similar laws of other States, to the fullest extent that they may lawfully waive such rights or benefits pertaining to their released claims.

### H. Settlement Agreement As Exclusive Remedy For Released Claims

23. This Settlement Agreement and the Final Order and Judgment shall be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of the Releasing Parties. Enforcement of the Settlement Agreement shall be the exclusive remedy for all members of the Settlement Class, including Plaintiffs, all of whom are bound by all proceedings, orders and judgments in the Litigation and are permanently barred and enjoined from instituting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, any of the Released Claims. Members of the Settlement Class who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate dismissal of their claims.

24. This Final Order and Judgment bars and permanently enjoins all members of the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims and (b) organizing Settlement Class Members that have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

## I. Effect Of This Final Order And Judgment

25. If for any reason this judgment is reversed, vacated or materially modified on appeal (and, in the event of material modification, which shall not include any modification to an award of Attorneys' Fees and Expenses or to the Service Awards, if either party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement, survive termination of the Settlement), and the Settling Parties shall return to their positions without prejudice in any way, as provided for in the Settlement.

## J. No Admission Of Liability

26. As set forth in the Settlement, the fact and terms of this Order, the Court's preliminary approval order, and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order, the Court's preliminary approval order and the

Settlement, and any act performed or document signed in connection with this Order, the Court's preliminary approval order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission or evidence or be deemed to create any inference against any party, including, but not limited to: (i) of any acts of wrongdoing or lack of wrongdoing; (ii) of any liability on the part of HIMSS to the Plaintiffs, the Settlement Class or anyone else; (iii) of any deficiency of any claim or defense that has been or could have been asserted in this case; (iv) that HIMSS agrees that a litigation class may be properly certified in this case; (v) of any damages or lack of damages suffered by the Plaintiffs, the Settlement Class or anyone else; or (vi) that any benefits obtained by the Settlement Class pursuant to the Settlement or any other amount represents the amount that could or would have been recovered in the actions in this case if they were not settled at this point in time. The fact and terms of this Order, the Court's preliminary approval order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order, the Court's preliminary approval order and the Settlement, including but not limited to the judgment and the release of the Released Claims provided for in the Settlement and any judgment, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement.

### K.  Entry Of Final Judgment

27. The Court dismisses the Litigation now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein. The Court orders the entry of, and enters, this Final Order and Judgment on all claims, counts, and causes of action alleged in this Litigation by Plaintiffs, on behalf of themselves, the Settlement Class, or both. In entering this Final Order and Judgment with the provisions stated herein and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution

and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing, or applying this Final Order and Judgment implement and enforce its terms and limitations in their entirety.

28. The Court has and retains personal jurisdiction over Plaintiffs and all Settlement Class Members and has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto. Without affecting the finality of this Final Order and Judgment in any way, this Court reserves jurisdiction over (a) implementation of this Settlement, (b) all matters related to the administration and consummation of the Settlement and (c) all parties for the purpose of implementing, enforcing, monitoring compliance with, effectuating, administering, and interpreting the provisions of the Settlement Agreement and this Final Order and Judgment.

29. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits thereto as (a) shall be consistent in all material respects with this Final Order and Judgment and (b) do not limit the rights of the Parties or Settlement Class Members.

30. Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Court finds that there is no reason for delay in the entry of this Final Order and Judgment as a final order and final judgment, and the Court further expressly directs the Clerk of the Court to file this Final Order and Judgment as a final order and final judgment.

**IT IS SO ORDERED** this 24th day of June, 2021.

/s/ Martha M. Pacold
Martha M. Pacold
United States District Judge